IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

COLUMBIA GAS TRANSMISSION, LLC,

      Plaintiff,

v.                                Civil Action No. 5:13CV39
                                         (STAMP)

ROGER McCRACKEN and
KATHLEEN McCRACKEN,

      Defendants.


**MEMORANDUM OPINION AND ORDER**
**GRANTING IN PART AND DENYING IN PART**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,**
**DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT,**
**AND CONVERTING STATUS AND SCHEDULING CONFERENCE**
**TO A HEARING ON ALL REMAINING ISSUES**

I.  Procedural History

The plaintiff, Columbia Gas Transmission, LLC ("Columbia"), filed this civil action in this Court alleging that the defendants, Roger and Kathleen McCracken ("the McCrackens") are impeding their efforts by denying a right-of-way onto the McCrackens' property. This right-of-way, Columbia contends, would be used to protect an underground gas line that needs to be replaced by an above-ground gas line temporarily because of longwall mining which is being performed by another company. Columbia seeks a declaratory judgment that it may, under the terms of the right-of-way agreement entered into by the parties ("ROW"), lay a 6" pipe across the McCracken right-of-way; take any necessary steps in order to lay

that pipe; and also access an adjoining property, the Turley property, from the McCrackens' property.

The McCrackens' answer denies that they have refused or obstructed Columbia, breached the right-of-way, or that the right-of-way allows Columbia to take any of the action it seeks to take. Further, the McCrackens contend that Columbia has an alternate route of access to the Turley property and thus, the access by way of the McCrackens' property is not required. The McCrackens have also filed a counterclaim which alleges that the pipe has been laid by Columbia and the McCrackens are thus asserting claims for trespass and nuisance by Columbia.

Columbia then filed a motion for summary judgment which requests, among other relief, that this Court grant a permanent injunction against the McCrackens. This Court had previously denied Columbia's motion for temporary restraining order and/or preliminary injunction as moot as the parties had entered an interim consent order. Columbia incorporates the arguments from that motion in its motion for summary judgment.

The McCrackens then filed a response coupled with a motion for partial summary judgment. Additionally, the parties filed a status report after the motions for summary judgment were fully briefed informing the Court that the pipeline had been buried. However, further longwall mining was set to occur and Columbia again had to place a temporary pipeline above surface.

## II.   <u>Facts</u>

In its motion for summary judgment, Columbia first argues that the maintenance it undertook on the McCracken property was pursuant to the ROW that governs the property. Columbia contends this is so because the ROW permits it to maintain and operate the pipeline, to go "over and through" the land with the pipeline, and to change the size of the pipeline. Next, Columbia asserts that it is within the terms of the ROW by accessing the Turley property by way of the McCracken property. This is so because (1) the McCracken ROW has broad terms of "ingress, egress, and regress"; (2) Columbia has historically accessed the Turley property by way of the McCracken property–which the McCrackens do not dispute; (3) it is necessary for Columbia to use the ROW because the Turley property is landlocked behind the McCracken property.

Based on the assertions above, and the parties' agreements that there is an actual and justiciable controversy and all necessary parties are part of this action, Columbia argues it is entitled to a declaratory judgment that it acted and is acting within the confines of the ROW. Further, if this Court finds that a declaratory judgment is warranted, Columbia holds that it is entitled to (1) judgment as to its nuisance, trespass, and breach of contract claims; (2) a permanent injunction and adopts its previous motion for a permanent injunction (which was not considered by this Court initially as the parties had entered into

an interim order); and (3) dismissal of the McCrackens' counterclaims for nuisance and trespass. Finally, Columbia contends that the McCrackens may not seek damages in this forum but are required to seek them through an arbitration process.

The McCrackens filed a response to Columbia's motion for summary judgment and a motion for partial summary judgment. In their response, the McCrackens contend that Columbia's placement of a second pipeline, its continued use of the property to access the Turley property when there is another access road it could use, and the abandonment of the original pipeline on the property are all outside the ROW terms. The McCrackens thus request summary judgment on their liability claims of nuisance, trespass, and breach of contract.

The McCrackens argue that Columbia's use of their property to access the Turley property is outside the scope of the ROW which states that Columbia has "the right to ingress, egress, and regress to and from the same." The McCrackens contend that "the same" refers to the McCracken property and not to any other property. Further, in a footnote, the McCrackens assert that Columbia does not have a history of using the ROW access to the Turley property. The McCrackens also assert that the installation of the second pipeline was not within the terms of the ROW because it is limited to one pipeline and longwall mining was not contemplated by the parties in 1937.

Finally, the McCrackens argue that the arbitration provision of the ROW does not apply to the above claims because the arbitration section only applies to claims for damages which "may arise to crops and fences" and the McCrackens are not seeking damages for crops and fences.  The McCrackens state that their motion for partial summary judgment is sought as to the liability counts in Columbia's complaint—nuisance, trespass, and breach of contract.

In response, Columbia reviews its argument that the historical use of the pipeline allows a right to access the Turley property and that the intentions of the parties at the time of the creation of the ROW controls.  Columbia contends that the McCrackens are clearly mistaken in their belief that Columbia did not have access to the Turley property as they already admitted this in their answer.[1]  Further, Columbia asserts that it is irrelevant that there is another road because of the intent of the ROW, but further, that the McCrackens have failed to support an assertion that Columbia has access to another road.  As to the McCrackens' longwall mining argument, Columbia contends that it is irrelevant as Columbia is not the one conducting the mining and secondly, it is a "red herring" because courts have recognized that longwall

---

[1]In their answer, the McCrackens admit that Columbia has accessed Turley property by way of their property.  However, they add that such access is permissive and that there is a locked gate across the private road being used and that the McCrackens have provided Columbia with the key.

mining has been utilized since as early as 1911 in West Virginia. Columbia further avers that it has buried most of the pipeline that was on the surface, that it is only operating one of the pipelines, and that it has taken several temporary protective measures to ease the burden on the McCrackens. Finally, Columbia argues that the McCrackens cannot seek judgment on the breach of contract claim because they never pleaded a breach of contract claim. Finally, as to Columbia's request for an injunction, the parties set forth similar arguments as those provided in the parties' briefing for the motions for summary judgment.

For the reasons that follow, this Court grants in part and denies in part Columbia's motion for summary judgment and denies the McCrackens' partial motion for summary judgment.

### III. Applicable Law

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County

Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing <u>Anderson v.</u>
<u>Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986)).

However, as the United States Supreme Court noted in <u>Anderson</u>,
"Rule 56(e) itself provides that a party opposing a properly
supported motion for summary judgment may not rest upon the mere
allegations or denials of his pleading, but . . . must set forth
specific facts showing that there is a genuine issue for trial ."
<u>Anderson</u>, 477 U.S. at 256.  "The inquiry performed is the threshold
inquiry of determining whether there is the need for a
trial—whether, in other words, there are any genuine factual issues
that properly can be resolved only by a finder of fact because they
may reasonably be resolved in favor of either party."  <u>Id.</u> at 250;
<u>see also</u> <u>Charbonnages de France v. Smith</u>, 597 F.2d 406, 414 (4th
Cir. 1979) (Summary judgment "should be granted only in those cases
where it is perfectly clear that no issue of fact is involved and
inquiry into the facts is not desirable to clarify the application
of the law." (citing <u>Stevens v. Howard D. Johnson Co.</u>, 181 F.2d
390, 394 (4th Cir. 1950))).

In <u>Celotex</u>, the Court stated that "the plain language of Rule
56(c) mandates the entry of summary judgment, after adequate time
for discovery and upon motion, against a party who fails to make a
showing sufficient to establish the existence of an element
essential to that party's case, and on which that party will bear
the burden of proof at trial."  <u>Celotex</u>, 477 U.S. at 322.  Summary

7

judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See <u>Oksanen v. Page Mem'l Hosp.</u>, 912 F.2d 73, 78 (4th Cir. 1990), <u>cert. denied</u>, 502 U.S. 1074, 112 S. Ct. 973, 117 L.Ed.2d 137 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587(1986).

## IV. <u>Discussion</u>

Initially, this Court notes that it will consider the parties' concise statements of material facts. However, this Court further notes that it does not have a local rule requiring such a statement, but recognizes that other district courts have such a rule and the application of that rule has been upheld. See e.g. <u>Nw. Bank & Trust Co. v. First Illinois Nat'l Bank</u>, 354 F.3d 721, 725 (8th Cir. 2003) (upholding United States District Court for the Souther District of Iowa's rule requiring a concise statement of material facts to accompany a motion for summary judgment); <u>Ruiz Rivera v. Riley</u>, 209 F.3d 24, 27 (1st Cir. 2000) (holding the same for the United States District Court for the District of Puerto Rice). As such, this Court will consider those statements as "pleadings" pursuant to Federal Rule of Civil Procedure 56(c).

A.  Motions for Summary Judgment

This case was filed in this Court pursuant to diversity jurisdiction. Accordingly, West Virginia law must be applied to determine how this Court should interpret the ROW and whether or not it may grant a motion for summary judgment based on the terms of the ROW in the context of this action. Harbor Court Assocs. v. Leo A. Daly Co., 179 F.3d 147, 153 (4th Cir. 1999) ("In this appeal, we are sitting in diversity; therefore, our task 'is to rule upon state law as it exists and not to surmise or suggest its expansion.'") (quoting Burris Chemical, Inc. v. USX Corp., 10 F.3d 243, 247 (4th Cir. 1993)). Under West Virginia law, the trial court determines whether "the terms of an integrated agreement are unambiguous and, if so, [ ] construe[s] the contract according to its plain meaning. In this sense, questions about the meaning of contractual provisions are questions of law." Fraternal Order of Police, Lodge No. 69 v. City of Fairmont, 468 S.E.2d 712, 715 (W. Va. 1996). The West Virginia Supreme Court, however, couched that finding as follows:

> However, when a trial court's answers rest not on plain meaning but on differential findings by a trier of fact, derived from extrinsic evidence as to the parties' intent with regard to an uncertain contractual provision, [those questions are left for the jury]. The same standard pertains whenever a trial court decides factual matters that are essential to ascertaining the parties' rights in a particular situation (though not dependent on the meaning of the contractual terms per se). In these types of cases, the issues are ordinarily fact-dominated rather than law-dominated . . . .

Id. (citation omitted).

If the trial court finds that the contract is ambiguous, "the ultimate resolution of it typically will turn on the parties' intent. Exploring the intent of the contracting parties often, but not always, involves marshaling facts extrinsic to the language of the contract document. When this need arises, these facts together with reasonable inferences extractable therefrom are superimposed on the ambiguous words to reveal the parties' discerned intent." Id. at 716, fn. 7. "Contract language usually is considered ambiguous where an agreement's terms are inconsistent on their face or where the phraseology can support reasonable differences of opinion as to the meaning of words employed and obligations . . . 'A contract is ambiguous when it is reasonably susceptible to more than one meaning in light of the surrounding circumstances and after applying the established rules of construction.'" Id. at 716 (citation omitted). "'The mere fact that parties do not agree to the construction of a contract does not render it ambiguous. The question as to whether a contract is ambiguous is a question of law to be determined by the court.'" Id. at 717-18 (citing Syl. pt. 1, Berkeley Co. Pub. Ser. Dist. v. Vitro Corp., 162 S.E.2d 189 (W. Va. 1968)).

1. Use of McCrackens' Private Road for Access to the Turley Property

The ROW provides that Columbia has been granted "the right of ingress, egress, and regress to and from the same . . . ." ECF No.

3-1 at 2. "The same," however, directly follows the metes and bounds description in the ROW. Thus, pursuant to the plain meaning of the ROW language, Columbia may only use the McCrackens' private road for access to the McCrackens' property.

On the other hand, the McCrackens have stated in their briefings that they have allowed Columbia to "permissively" use that road to access the Turley property through a locked gate. ECF No. 32 at 2-3; ECF No. 7 at 2, ¶ 15. The McCrackens do not state that such use has only been granted while this litigation was ongoing or after the interim consent order was entered in this case. To the contrary, the McCrackens state that they have "[i]n the past . . . granted various individuals and entities, including Columbia, permission to use the private road to access the Turley property." ECF No. 32 at 2-3.

A trial court must "properly and thoroughly consider[ ] the property's historical use" in determining the scope of an access easement. Stover v. Milam, 557 S.E.2d 390, 396 (W. Va. 2001). However, such historical use evidence has only been used where the bounds of the right-of-way are not determinable. Id. Only then will "the scope and purpose of the deed creating it, the situation and use of the property, and the intent of the parties [ ] be considered, so as to provide a reasonable, safe and convenient way for the purposes for which it was intended." Id. (citing Syl. pt. 2, Palmer v. Newman, 112 S.E. 194 (W. Va. 1922); Jenkins v.

11

<u>Johnson</u>, 382 S.E.2d 334, 337 (1989) (per curiam) ("Where there is no precise width to an express right-of-way, we have adopted the view that the actual use made will control." (other citations omitted)).

Thus, in this case, where the "ingress, egress and regress" language refers to a metes and bounds description, the historical use of the property should not be considered.  Although, in this case, the historical use is such that Columbia and others in the past have enjoyed access to the Turley property by way of the McCrackens' private road, the actual use of the road does not control.  Although Columbia argues that the intent of the right-of-way agreements, taken together, was to provide seamless use and access to the pipelines that were laid across several properties, this Court cannot read such an intent from the plain meaning of the contract.  This argument would be better suited for a prescriptive easement claim, which Columbia has not made and specifically states it is not making.  <u>See</u> ECF No. 36 at 5; <u>see also</u> <u>Dorsey v. Dorsey</u>, 153 S.E. 146, 146 (W. Va. 1930) (finding that "passage by virtue of necessity as to one tract could not as matter of right extend such easement to . . . other lands.").  As such, this Court finds that Columbia cannot be granted its requested declaratory relief as to the use of the McCrackens' private road to access the Turley property.  Thus, this Court must deny in part Columbia's motion for summary judgment as the ROW does not allow a declaration in

Columbia's favor as to an access easement to the Turley property. However, this Court also finds that the McCrackens' claims must also be dismissed as Columbia had permission to use the McCrackens' private road to access the Turley property and thus, the McCrackens do not have any claim for damages.

      a.   <u>Trespass</u>

The parties have submitted in their concise statements of fact and in the briefing of their motions that Columbia has used the McCrackens' private road to access the Turley property. However, the McCrackens have also stated that they have allowed Columbia to use the road "permissively." "A trespasser is one who goes upon the property or premises of another without invitation, express or implied, and does so out of curiosity, or for his own purpose or convenience, and not in the performance of any duty to the owner." <u>Brown v. Carvill</u>, 527 S.E.2d 149, 153 (W. Va. 1998). Further, "[u]nder West Virginia law, to constitute a trespass, the defendant's conduct must result in an actual, nonconsensual invasion of the plaintiff's property, which interferes with the plaintiff's possession and use of that property." <u>Rhodes v. E.I. du Pont de Nemours & Co.</u>, 636 F.3d 88, 96 (4th Cir. 2011).

According to this precedent, this Court finds that Columbia was not a trespasser when it used the McCrackens' property to access the Turley property. Thus, a genuine issue of material fact does not exist as to the McCrackens' claim of trespass as the

McCrackens have acknowledged their approval of Columbia's use of that road.  The trespass claim must therefore be dismissed.

   b.   <u>Nuisance</u>

"A private nuisance is a substantial and unreasonable interference with the private use and enjoyment of another's land." <u>Booker v. Foose</u>, 613 S.E.2d 94, 96 (2005) (citation omitted). "'[T]he term ['nuisance'] is generally 'applied to that class of wrongs which arises from the unreasonable, unwarrantable or unlawful use by a person of his own property and produces such material annoyance, inconvenience, discomfort, or hurt that the law will presume a consequent damage.'" <u>Id.</u> (citation omitted). Again, the McCrackens' permission must be considered.  The McCrackens have stated that they "permissively" allowed Columbia to use the road on their property to access the Turley property. Thus, Columbia's use of the road cannot be found to be unreasonable as Columbia had permission to do so.  Further, such use was not unlawful as this Court has already found that it did not constitute a trespass and the McCrackens have not alleged any other allegedly unwanted use of the road.  Accordingly, this claim also must be dismissed as a genuine issue of material fact does not exist.

   c.   <u>Breach of Contract</u>

As noted by Columbia, the McCrackens did not plead a breach of contract claim in their counterclaim.  As such, this Court cannot grant summary judgment to the McCrackens on such a claim.  Because

this Court has found that the McCrackens cannot pursue their claims against Columbia based on Columbia's use of the McCrackens' private road, this Court will not grant any relief to the McCrackens and thus denies the McCrackens' motion for partial summary judgment.

    2.   <u>Placement of Pipeline Above Ground</u>

The ROW states that Columbia has the "right to lay a 16" inch pipe line . . . and maintain, operate, repair and remove said line[ ] along a line which has been surveyed for the same over and through [the McCrackens'] land . . . [and Columbia] may at any time lay, maintain, operate, repair and remove a second line of pipe alongside of the first line as herein provided . . . [and] also may change the size of its pipes . . . ." ECF No. 3-1 at 2.

A plain reading of that language reads in Columbia's favor. The ROW provides discretion to Columbia in maintaining the pipeline on the McCrackens' property which includes removing and repairing the original pipeline. Further, the ROW provides that Columbia may maintain a second line of pipe under the same guidelines as those provided for the original pipeline. Thus, the McCrackens' argument that a second pipeline could not be laid is incorrect.

The McCrackens also make the argument that Columbia cannot lay the pipe above ground but that the ROW only incorporated a pipeline that would be maintained below ground. However, the ROW specifically states that the pipeline may be maintained "over and

through" the McCrackens' property.  A plain meaning of this term would also be in Columbia's favor.

Finally, the McCrackens argue that maintenance by Columbia because of longwall mining was not intended by the original parties to be incorporated in the ROW agreement because longwall mining had not yet been used in Marshall County where the McCrackens' property is located.  To the contrary, there is evidence that longwall mining had been used in West Virginia since 1911, as Columbia points out in its briefing.  Citing <u>West Virginia Culp v. Consol Pennsylvania Coal Co.</u>, No. 87-1688, 1989 WL 101553 at *12 (W.D. Pa. May 4, 1989).  Accordingly, given the breadth of the maintenance term in the ROW and the presence of longwall mining at the time the original parties entered the contract, this Court finds that Columbia is within its rights under the ROW in taking certain measures to maintain the pipeline at issue.

As there are no genuine issues of material fact as to the placement of the pipeline above the ground, this Court finds that Columbia's requested relief for a declaratory judgment of its right to place and maintain the additional temporary pipeline on the McCrackens' property should be granted.

   3.   <u>Columbia's Claims for Breach of Contract, Nuisance, and Trespass</u>

Along with its request for declaratory relief, Columbia has also made requests for damages pursuant to theories of breach of contract, nuisance, and trespass.  This Court finds that Columbia

has valid claims as to breach of contract and trespass, but not as to its nuisance claim.

> a. Breach of Contract

This Court finds that a breach of contract clearly occurred as the McCrackens failed to allow Columbia to take protective measures regarding the pipeline which this Court found was required pursuant to the ROW. In West Virginia, the elements of breach of contract are (1) a contract exists between the parties; (2) a defendant failed to comply with a term in the contract, and (3) damage arose from the breach. Patrick v. PHH Mortgage Corp., 937 F. Supp. 2d 773, 792 (N.D. W. Va. 2013). The parties do not dispute whether or not a contract existed. This Court has in this order determined how the terms of that contract should be applied to the issues that have arisen between the parties. Given the McCrackens' initial refusal to allow Columbia to access the property to perform protective measures of its pipeline, there was a breach of a term in the contract. Further, this Court finds that there were damages which occurred because of that breach as Columbia had to undergo this litigation and an elongation of the completion of the protective measures.

> b. Nuisance

Again, "[a] private nuisance is a substantial and unreasonable interference with the private use and enjoyment of another's land." Booker, 613 S.E.2d at 96. "'[T]he term ['nuisance'] is generally

17

'applied to that class of wrongs which arises from the unreasonable, unwarrantable or unlawful use by a person of his own property and produces such material annoyance, inconvenience, discomfort, or hurt that the law will presume a consequent damage.'" _Id._ (citation omitted). However, the West Virginia Supreme Court has held that "'[t]he crux of a nuisance case is unreasonable land use'" and that inconvenience and outrage do not support a finding that a private nuisance occurred. _Id._ at 97 (citation omitted). In this case, this Court cannot find that the McCrackens were unreasonable in their land use. The McCrackens held the belief that they were not required to allow Columbia access to the land based on the terms of the ROW. Although this Court has found favorably for Columbia as to the maintenance term in the ROW, this Court does not believe that the McCrackens' belief to the contrary is unreasonable.

     c.    <u>Trespass</u>

"A trespasser is one who goes upon the property or premises of another without invitation, express or implied, and does so out of curiosity, or for his own purpose or convenience, and not in the performance of any duty to the owner." <u>Brown</u>, 527 S.E.2d at 153. Further, "[u]nder West Virginia law, to constitute a trespass, the defendant's conduct must result in an actual, nonconsensual invasion of the plaintiff's property, which interferes with the

18

plaintiff's possession and use of that property." <u>Rhodes</u>, 636 F.3d at 96.

This Court finds that the McCrackens trespassed upon Columbia's access to and use of the ROW in terms of Columbia's right to perform protective measures for the pipeline. The McCrackens blocked Columbia's access, and damages would be similar to those as for the breach of contract. Those damages would encompass those that occurred as a result of the McCrackens' obstruction of Columbia's implementation of protective measures and the filing of this action.

Finally, as the McCrackens were not required to allow Columbia to use their private road, the McCrackens' initial refusal to allow Columbia to use their road did not constitute a trespass, nuisance, or breach of contract.

## B. <u>Relief Granted</u>

In its complaint, Columbia has requested as relief the following:

> a. A declaration that the McCracken Right-of-Way agreement permits Columbia to access the Turley Right-of-Way via the McCracken Right-of-Way.
> b. A declaration that the McCracken Right-of-Way agreement permits Columbia to lay a plastic pipeline on the surface of the property temporarily, and take other such reasonable and necessary protective measures until said pipeline may be safely buried.
> c. Grant Columbia . . . a permanent injunction, that directs the Defendants and their agents to cease interfering with Columbia's lawful property rights, including but not limited to (i) Columbia's right to take measures to protect Line 1360 before, during and after the mining under Line 1360 and the McCracken Right-of-

Way; (ii) Columbia's right to lay a temporary plastic
pipeline on the surface of the property and take other
such protective measures until said pipeline may be
safely buried; and (iii) Columbia's right to access the
Turley Right-of-Way via the McCracken Right-of-Way in
order to maintain, operate, repair, and remove Line 1360;
d.    Award Columbia compensation for any and all damages
to the McCracken Right-of-Way and to Line 1360 incurred
as a result of Defendants' breaches of the McCracken
Right-of-Way agreement and willful and wanton behavior,
including, but not limited to, the costs incurred in
prosecuting this action, prejudgment interest, post-
judgment interest, and punitive damages in an amount
sufficient to punish Defendants for their knowing and
willful misconduct and to deter Defendants and others
from similar conduct in the future; and
e.    Award Columbia all other and further relief to which
it is entitled at law or in equity.

ECF No. 1 at 10-11.

1.    <u>Declarations</u>

Given this Court's reading of the ROW and this Court's finding
regarding the motions for summary judgment, this Court finds that
Columbia's declaratory judgment requests should be granted in part
and denied in part.  This Court has found that Columbia has the
authority, under the ROW, to access the McCracken property in order
to take protective measures for its pipeline.  However, this Court
has found that Columbia is not permitted to access the Turley
property by way of the McCrackens' private road under the ROW.
Thus, this Court now makes the following declaration:

The McCracken right-of-way agreement permits Columbia to
lay a plastic pipeline on the surface of the property
temporarily, and take other such reasonable and necessary
protective measures until said pipeline may be safely
buried.

2. Permanent Injunction

This Court has found a request for a permanent injunction by Columbia in its initial briefing of its motion for a temporary restraining order or preliminary injunction. Further, this Court found a similar request in Columbia's complaint. However, an injunction of any kind has not been entered by this Court because the parties had entered into an interim consent order. Further, Columbia had only requested a preliminary injunction at that time or a temporary restraining order, neither of which has the more serious implications that a permanent injunction would entail.

A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate:

> (1) that it has suffered an irreparable injury;
> (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury;
> (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and
> (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006)(citing Weinberger v. Romero—Barcelo, 456 U.S. 305, 311–313 (1982); Amoco Production Co. v. Gambell, 480 U.S. 531, 542 (1987)). This Court finds that those elements have not been met at this time.

First, the parties were able to come to an amicable agreement early on in this case pursuant to the parties' interim consent order. Thus, it does not appear that Columbia has suffered

21

irreparable injury. The McCrackens, although possibly not as amicable at the beginning, have worked with Columbia since then which can be seen based on the status report that was filed by Columbia. Additionally, at this time, Columbia has essentially obtained the same relief through this Court's declaration of the parties' rights under the ROW. Further, Columbia still has the option of monetary damages. Accordingly, this Court finds that the first and second elements are not met at this time and thus, a permanent injunction should not be granted.

>    3.    <u>Monetary Damages</u>

As to Columbia's request for monetary damages, this Court finds that a hearing on Columbia's request for monetary damages would be beneficial in order to determine what relief should be granted to Columbia given the findings set out in this order. As such, this Court will keep this action open for the purpose of determining whether or not monetary relief should be ordered and taking up any other issues that remain.

>    V.    <u>Conclusion</u>

For the reasons stated above, the plaintiff's motion for summary judgment is GRANTED IN PART and DENIED IN PART. Further, the defendants' motion for partial summary judgment is DENIED.

Additionally, the parties are DIRECTED to appear by counsel for a hearing to take up any issues that remain, including the issuance of any monetary damages that are due to plaintiff, on

**October 27, 2014 at 1:15 p.m.** in the chambers of Judge Frederick P. Stamp, Jr., Federal Building, 1125 Chapline Street, Wheeling, West Virginia 26003.  This hearing will be held in place of the status and scheduling conference that was scheduled for the same date and time.  If the parties are able to come to an agreement as to damages and all remaining issues before this hearing, the parties are DIRECTED to inform this Court of such an agreement so that this Court may remove this case from the active docket.

Further, the Court will permit those out-of-town attorneys having their offices further than forty (40) miles from the point of holding court to participate in the conference by telephone. However, any such attorney shall advise the Court as soon as possible prior to the conference of his or her intention to participate by telephone and shall (1) inform all counsel of his or her appearance by telephone; (2) confer with other out-of-town attorneys to determine if they wish to appear by telephone; (3) advise the Court of the name of the attorney who will initiate the conference call and all such attorneys appearing by telephone; and (4) initiate a timely conference telephone call with such attorneys to the Court at 304/233-1120 at the time of the scheduled conference.  If the attorneys cannot reach agreement as to the initiator of the call, the Court will make that determination.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    October 6, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE